# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|                           |   |                       |
|---------------------------|---|-----------------------|
| SARAH WEST,               | ) |                       |
|                           | ) |                       |
| Plaintiff,                | ) | No. 4:18-CV-2047 RLW  |
|                           | ) |                       |
| v.                        | ) |                       |
|                           | ) |                       |
| SECURA INSURANCE COMPANY, | ) |                       |
|                           | ) |                       |
| Defendant.                | ) |                       |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike Designation of Expert (ECF No. 14) and Defendant's Motion for Protective Order (ECF No. 25). These matters are fully briefed and ready for disposition.

## BACKGROUND

On June 12, 2019, Defendant filed its Motion to Strike Designation of Expert (ECF No. 14). Defendant asked the Court to strike Plaintiff Sarah West's ("West") experts Dr. Thomas Lee and Dr. Matthew Gornet for failing to properly disclose them under Fed. R. Civ. P. 26. Defendant claims West did not provide a list of Dr. Gornet's qualifications or any information regarding his purported testimony. Likewise, Defendant asserts West did not provide a summary of the facts and opinions to which Dr. Lee was expected to testify. On June 26, 2019, the Court ordered West to respond to Defendant's Motion to Strike Designation of Expert no later than July 5, 2019. (ECF No. 18). West did not file any response to Defendant's Motion to Strike Designation of Expert.

On September 20, 2019, Defendant filed a Motion for Protective Order (ECF No. 25), asking this Court to prohibit the taking of Thomas Lee's Deposition until the Court rules on Defendant's Motion to Strike Designation of Expert. On October 9, 2019, West filed a response

to Defendant's Motion to Strike and Motion and Protective Order (ECF No. 28).[1] On the same day, Defendant filed its Reply in support of its Motion to Strike and Motion for Protective Order (ECF No. 29).

## DISCUSSION

West's Designation of Expert Witness states that Dr. Lee "may testify regarding injuries sustained to Plaintiff's back, neck, and spine, as well as her possible need for surgery to repair her injuries." (ECF No. 28 at 4). West states that Dr. Thomas Lee is her treating physician, and she provided Defendant with Dr. Lee's medical records. (ECF No. 28, ¶¶4, 5). West claims that she "properly designated Dr. Thomas Lee as an expert witness before the deadline to do so, including the summary of facts and opinions to which Dr. Lee was expected to testify." (ECF No. 28, ¶6).

In response, Defendant argues that West's Designation of Expert Witness did not comply with Fed. R. Civ. P. 26(a)(2)(c)[2] because the expert disclosure did not contain a "summary of the facts and opinions to which the witness is expected to testify." (ECF No. 29, ¶3). Defendant states "[n]o where does Plaintiff's expert disclosure disclose that Dr. Lee might be testifying that Plaintiff's injuries were sustained as a result of the automobile collision at issue in the lawsuit nor that that need for surgery might be caused by the car accident at issue in the lawsuit, nor does it contain anything that could be fairly considered a summary of the facts and opinions to which Dr. Lee was expected to testify." (ECF No. 29, ¶4). Therefore, Defendant asks the Court to strike Dr.

---

[1] Therein, West stated that she no long intends to use Dr. Gornet as an expert witness. (ECF No. 28, ¶3). Therefore, Dr. Gornet is stricken as an expert witness in this action.

[2] Fed. R. Civ. P. 26(a)(2)(C) provides, "Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

Lee as West's expert and prohibit his deposition. In the alternative, Defendant asks the Court to limit Dr. Lee's testimony "to only factual assertions rather than expert opinion on causation..." (ECF No. 29 at 2).

This Court provides guidance on this issue in its requirements:

> Treating Witnesses as Expert Witnesses: Treating health care providers, who are testifying as to matters contained in their treatment notes, will not be required to prepare reports or provide the other information required by Rule 26(a)(2)(B). In such cases, health care providers will be limited to providing opinions that are related to the treatment and disclosed in their treatment notes. If providers are testifying as to causation, however, the provider should provide a report and comply with all requirements of Rule 26(a)(2)(B).

https://www.moed.uscourts.gov/sites/moed/files/judges/requirements/rlw.pdf (last visited October 29, 2019). The Court believes that this requirement is in keeping with the federal rules' aim to award diligence and avoid surprise in litigation. *See Smith v. Bankers Life & Cas. Co.*, No. 3:05-CV-00130 RPTJS, 2008 WL 2845080, at *8 (S.D. Iowa Jan. 30, 2008) ("The Federal Rules of Civil Procedure have been drafted and revised under the guiding motive of leveling the playing field for all parties so that diligence is rewarded, and surprise is not a tactical weapon utilized by an opponent."). Therefore, the Court limits West's expert, Dr. Lee, to testify only regarding facts identified through his treatment of West, and Dr. Lee is prohibited from testifying as to causation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Designation of Expert (ECF No. 14) and Defendant's Motion for Protective Order (ECF No. 25) are **GRANTED**, in part. The Court limits Plaintiff's expert, Dr. Lee, to testify only regarding facts identified through his treatment of West, and Dr. Lee is prohibited from testifying as to causation.

Dated this 4th day of November, 2019.

                                                            */s/ Ronnie L. White*
                                                           **RONNIE L. WHITE**
                                                           **UNITED STATES DISTRICT JUDGE**